[No. 20559. Department Two. July 26, 1927.]

DELIA DOMET, *by her Guardian ad Litem Julienne Domet, Respondent,* v. THE CITY OF SEATTLE, *Appellant.*[1]

[1] MUNICIPAL CORPORATIONS (425)—TORTS—DEFECT IN STREETS— DANGEROUS LIVE WIRES. A city is chargable as for a defect in a street, for injuries received by a child in coming in contact with a loose wire, heavily charged with electricity, hanging within three feet of the side walk, where the city's agents in charge of its electric light lines either placed the wire there, or had notice of its being there.

[2] SAME (425, 470)—TORTS—DEFECTS IN STREETS—ACTION—IN- STRUCTIONS. An instruction that it is the duty of the city to keep its streets and side walks in a reasonably safe condition for pedestrians is applicable to a case where a child was injured by coming in contact with the loose end of a heavily charged electric wire, hanging three feet from the side walk, where the city's electric wires were maintained wholly in the street.

[3] TRIAL (101)—INSTRUCTIONS ALREADY GIVEN. It is not error to refuse instructions in the form requested, when given in substance in the general charge.

Appeal from a judgment of the superior court for King county, Moriarty, J., entered October 30, 1926, upon the verdict of a jury rendered in favor of the plaintiff, in an action in tort. Affirmed.

[1]Reported in 258 Pac. 317.

*Thomas J. L. Kennedy* and *Arthur Schramm,* for appellant.

*S. H. Kelleran,* for respondent.

PARKER, J.—The plaintiff Delia Domet, a minor twelve years old, seeks recovery of damages for personal injuries suffered by her, as it is alleged, as the result of the negligence of the defendant city in maintaining or permitting a wire to hang from one of its electric light line poles down to a point about three feet above a sidewalk of one of its public streets and become charged by contact with one of its high power electric wires. A trial in the superior court for King county, sitting with a jury, resulted in verdict and judgment awarding to plaintiff recovery against the city, from which it has appealed to this court.

Along the west side of Ninth avenue south, the city maintains, on poles set in the avenue very near the sidewalk, one of its high power electric light transmission lines. On one of the poles, at a point some twenty feet above the sidewalk, was an electric light on the end of a so-called "goose neck" extending east from the pole over the sidewalk. The wires serving this particular light came down the pole from the transmission wires above, were attached to a small cross arm on the pole just above the goose neck, and from thence passed out to the light at the end of the goose neck, a few feet from the pole. Between the pole where the wires were attached to the small cross arm and the light, the insulation was broken in one or two places, leaving the metal of one of the wires exposed. For some two weeks or more prior to the time respondent was injured, there had been attached to this pole, at a point some considerable distance above the goose neck light, a heavy wire which hung down past the goose neck. The lower portion of the wire had been coiled up and hung

loosely upon one of the spikes used for climbing the pole, at a point a short distance below the goose neck.

The placing of the wire in this position is not accounted for by any direct evidence, though it seems probable that it had been attached to the pole a considerable distance above the goose neck light for use, probably temporarily, as a stay or guy wire to hold a telephone pole upright which was across the roadway to the east. If this was the purpose of so placing the wire, it was, when so used, serving the telephone company and not the city, thus suggesting that the telephone company placed it there, and, when no longer needed, disconnected it from the telephone pole and left it hanging on the electric light pole in the manner we have noticed.

The city light employees, under that department of the city, had for some days been working improving this Ninth avenue electric transmission line, and the evidence is such that the jury might well believe that those employees and the city's agent having their work in charge either so placed the wire there, or, at all events, knew of it being so placed there, for a period of some two weeks or more prior to respondent, being injured.

Some two or three days before respondent was injured, the coil of the wire, for some cause not shown, came off the spike and the whole length of it hung loose, so that its lower end reached within approximately three feet of the sidewalk. While so hanging, it evidently came in contact with one of the wires between the small cross arm on the pole and the goose neck light. The wire in any event so hung, both before and after the coil came off the spike, that it was likely to come in contact with the goose neck light wire. Respondent was playing with some other children in the street near the pole upon which the wire was so loosely

hanging. In her play she took hold of the wire, and her body forming connection with the earth, the wire at the same time manifestly being in contact, or being swung in contact, with the goose neck light wire, she received a charge of electricity through her body and was very seriously injured thereby.

[1] It is first contended in behalf of the city that the evidence was not sufficient to support the verdict and judgment. A careful review of the evidence convinces us that this contention cannot be sustained. We think little need be said in this behalf other than the recital of the facts as we have above summarized them. That the wire, as placed, created a very dangerous condition to those using the sidewalk and street, and that the city's agents having charge of its electric light line on the street, either placed the wire there or, in any event, had notice of it being there, such as charged the city with negligence in leaving the wire so placed, the jurors were by the evidence well warranted in believing.

[2] It is next contended that the court erred to the prejudice of the city in giving to the jury the following instruction:

"It is the duty of the city to keep its streets and sidewalks in a reasonably safe condition for pedestrians and others lawfully using the street in the ordinary and usual way, and the city must use ordinary and reasonable care to keep the street free from defects or obstructions which are dangerous."

The argument is, in substance, that this instruction is erroneous and prejudicial because not applicable to the facts of this case; that is, because respondent's injury was not the result of any defect or obstruction in the street. We are cited, as supporting this contention, a number of decisions having to do with the falling of

private signs, awnings, screens and other objects into streets from their fixed locations clear above all street traffic, and attached to or otherwise supported wholly by adjoining private buildings. We may concede the law to be that injuries from such causes are not the result of defects or obstructions in the street itself, and that the city's measure of duty with reference to such objects is somewhat less than its required care in the maintenance of its streets free from dangerous defects or obstructions. This instruction, we think, was applicable here because this electric light line and its poles were being maintained by the city wholly in the street, and the loosely hanging wire which injured respondent was by the city suffered to remain in its dangerous condition. Clearly, this was a dangerous defect in the street, and, in a sense, an obstruction to the proper use of the street by the public. 28 Cyc. 1378.

[3] Counsel for the city requested the giving of an instruction, which he had prepared in appropriate form, touching the question of notice to the city of the presence of the wire which caused respondent's injury. It is contended that the failure of the court to give this instruction was prejudicial error. The answer to this contention, we think, is found in the fact that the court gave, in substance, this requested instruction, though in somewhat different form. The jury were fairly and fully instructed upon that subject.

It is finally contended that the verdict is excessive to the extent of showing passion and prejudice on the part of the jury. We deem it sufficient to say that our review of the evidence touching that contention convinces us that it is without substantial merit, and that we would not be warranted in disturbing the verdict on that account.

We cannot see in this record other than that the city has had a fair trial, free from prejudicial error, and

that the verdict of the jury is well supported by the evidence.

The judgment is affirmed.

MACKINTOSH, C. J., TOLMAN, HOLCOMB, and FRENCH, JJ., concur.